UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:21-CR-22-KAC-DCP-2 |
| LORETTA JOHNSON, | ) |
| Defendant. | ) |

# **ORDER**

This criminal case is before the Court on Defendant Johnson's pro se Motion [Doc. 98]. The Court sentenced Defendant Johnson to twenty-four (24) months' imprisonment for bank robbery and conspiracy to commit bank robbery [Doc. 93 at 1-2]. As part of Defendant Johnson's sentence, the Court ordered her to pay $24,933.56 in restitution, jointly and severally with her codefendant, to the victims of her offense [*See id.* at 6]. The Court ordered Defendant Johnson to make those "restitution payments from any wages [she] may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program" (IFRP) [*Id.* at 7]. In her Motion, Defendant Johnson asks the Court to enter an "order specifically setting [her] restitution amount for $50-100 a month, during the term of [her] incarceration" or, in the alternative, to "hold" her restitution payment obligation "until [she] get[s] out and back to work" [Doc. 98 at 1]. In support, Defendant Johnson asserts that her payment amount under the IFRP was recently "increased based on FPC Alderson's interpretation of the [IFRP]" which "is causing hardship" on her family [*Id.*].

As part of its Judgment, the Court ordered Defendant to make restitution payments in accordance with the Bureau of Prisons' IFRP [*See id.*]. It is not appropriate for the Court to regulate how the Bureau of Prisons operates the IFRP. *See Procunier v. Martinez*, 416 U.S. 396,

404-05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward the problems of prison administration."); *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) ("[T]his Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world."); *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("[C]ourts must exercise restraint in supervising the minutiae of prison life."); *see also United States v. London-Clayton*, 487 F. Supp. 3d 626, 629 (E.D. Mich. 2020) (concluding that district courts lack authority to "modify the operation of [] IFRP or its payment policies as applied to" defendants). The operation of the IFRP is guided by regulations promulgated by the Bureau of Prisons. *See* 28 C.F.R. Part 545. Defendant may review those regulations and discuss her financial plan and payments with her unit team. *See* 28 C.F.R. § 545.11 (1999). Accordingly, the Court **DENIES** Defendant Johnson's pro se Motion [Doc. 98].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge